IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| JUAN C. SALINAS, Individually, | ) | |
| And as Representative of the Estate of | ) | |
| Irene Vazquez de Salinas; Claudia Vazquez; | ) | |
| Genesis D. Vazquez; Ismael Salinas; | ) | |
| Jesus I. Salinas; Karla I. Salinas; and | ) | |
| Samuel Salinas, Surviving Beneficiaries of the | ) | |
| Estate of Irene Vazquez de Salinas, Deceased | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:23-cv-02105-TC-RES |
| | ) | |
| NISSAN NORTH AMERICA, INC.; | ) | |
| NISSAN MOTOR CO., LTD.; and | ) | |
| NISSAN MOTOR MANUFACTURING | ) | |
| CORPORATION U.S.A. | ) | |
| | ) | JURY TRIAL DEMANDED |
| Defendants. | ) | |

## AMENDED COMPLAINT FOR DAMAGES

Plaintiffs Juan C. Salinas, Individually and as Representative of the Estate of Irene Vazquez de Salinas, deceased; Genesis D. Vazquez, Individually; and Claudia Vazquez; Ismael Salinas; Jesus I. Salinas; Karla I. Salinas and Samuel Salinas, Surviving Beneficiaries of Irene Vazquez de Salinas, deceased, by and through their counsel of record, hereby file this Amended Complaint "as a matter of course," under Rule 15(a)(1), and in order to satisfy this Court's Notice and Order to Show Cause on March 10th, 2023 (Doc. #4), relating to citizenship of Plaintiffs and the Estate. For their demand for damages against Defendants Nissan North America, Inc.; Nissan Motor Co., Ltd. and Nissan Motor Manufacturing Corporation, Plaintiffs state and allege as follows:

## Parties, Jurisdiction, and Venue

1.     Plaintiff Juan C. Salinas is a resident of the State of Texas and is the lawful spouse of Irene Vazquez de Salinas, deceased, who was killed while a passenger in the 2008 Nissan Sentra

vehicle involved in the incident that forms the basis of this lawsuit. At the time of her death, Irene Vazquez de Salinas was a resident of the State of Texas and domiciled there, accordingly, her estate is deemed a citizen of the State of Texas. As pled herein, Plaintiff Juan C. Salinas has suffered losses and damages as a result of his wife's death. As such, Plaintiff is an "heir-at-law" who is entitled to commence this action pursuant to K.S.A. § 60-1902.

2.      Plaintiff Juan C. Salinas is the surviving spouse of Irene Vazquez de Salinas and is therefore the proper party to bring the survival claims pursuant to K.S.A. § 60-1801 *et seq.*

3.      Plaintiff Claudia Vazquez is a citizen of the State of Texas and brings claims as a surviving adult child of Irene Vazquez de Salinas for her claim for the death of her natural mother, Irene Vazquez de Salinas, as she is an "heir at law" entitled to join this action pursuant to K.S.A. § 60-1902.

4.      Plaintiff Genesis D. Vazquez is a citizen of the State of Texas and brings claims in her individually capacity for her own personal injuries and damages. Plaintiff Genesis D. Vazquez is the granddaughter of Irene Vazquez de Salinas and was previously incorrectly identified as an "heir at law" in the Original Complaint filed in this matter.

5.      Plaintiff Ismael Salinas is a citizen of the State of Texas and brings claims as a surviving adult child of Irene Vazquez de Salinas for his claim for the death of his natural mother, Irene Vazquez de Salinas, as he is an "heir at law" entitled to join this action pursuant to K.S.A. § 60-1902.

6.      Plaintiff Jesus I. Salinas is a citizen of the State of Texas and brings claims as a surviving adult child of Irene Vazquez de Salinas for his claim for the death of his natural mother, Irene Vazquez de Salinas, as he is an "heir at law" entitled to join this action pursuant to K.S.A. § 60-1902.

7.     Plaintiff Karla I. Salinas is a citizen of the State of Texas and brings claims as a surviving adult child of Irene Vazquez de Salinas for her claim for the death of her natural mother, Irene Vazquez de Salinas, as she is an "heir at law" entitled to join this action pursuant to K.S.A. § 60-1902.

8.     Plaintiff Samuel Salinas is a citizen of the State of Texas and brings claims as a surviving adult child of Irene Vazquez de Salinas for his claim for the death of his natural mother, Irene Vazquez de Salinas, as he is an "heir at law" entitled to join this action pursuant to K.S.A. § 60-1902.

9.     Defendant Nissan North America, Inc. is a foreign corporation organized and existing under the laws of the State of Delaware, with its headquarters / principal place of business in the State of Tennessee. Defendant Nissan is registered to do business in the State of Kansas, where it maintains a registered agent for service of process in the State of Kansas. Service of process may be affected upon this Defendant by and through its registered agent for service, Corporation Service Company, 2900 SW Wanamaker Dr., Suite 204, Topeka, Kansas 66614.

10.    Defendant Nissan Motor Co. Ltd. is a Japanese multinational automobile manufacturer headquartered in Nishi-Ku, Yokohama, Japan. Service of process may be effected at 1-1-1 Takashima Nishi-Ku Yokohama, 220-8686 Japan. Because Japan is a signatory to the Hague Convention, formal service may be effected on this Defendant via the Hague Convention.

11.    Defendant Nissan Motor Manufacturing Corporation U.S.A. is a foreign corporation existing under the laws of the State of Delaware with its headquarters / principal place of business in the State of Tennessee and may be served with process via long-arm statute by serving its registered agent for service: The Corporation Trust Company at Corporation Trust Center, 1209 Orange St., Wilmington, Delaware, 19801.

12.     The Defendants will be collectively referred to herein as "Nissan," or the "Nissan Defendants." All references to Nissan herein intend to include its merged, consolidated, or acquired predecessors and successors, if applicable.

13.     Defendant Nissan designed, manufactured, marketed, promoted, and sold the 2008 Nissan Sentra automobile, bearing VIN 3N1AB61E88L606904 ("Subject Vehicle") that is the subject of this lawsuit.

14.     Defendant Nissan was present and transacted, solicited, and conducted business in Kansas, through its employees, agents and/or sales representatives and derived revenue from business in the State of Kansas.

15.     At all times relevant to the claims herein, Defendant Nissan placed the defective Subject Vehicle into the stream of interstate commerce knowing and expecting that it would end up in the State of Kansas and cause injury in Kansas to motorists travelling on state highways in the State of Kansas. Defendant Nissan purposefully directed marketing and sales efforts toward the State of Kansas and had the intent to sell products, including the Subject Vehicle, in the State of Kansas.

16.     Nissan owns and maintains a highly interactive website that is directed at Kansas residents that allows them to do a variety of things that support Nissan's business, such as shop for both new and used Nissan cars, "build and price" or custom configure a car with the options of their choice and then search for similar cars on Nissan dealership lots, get quotes from dealers for particular cars, review financing options, and even find out how much their trade-in might be worth. Nissan also has at least eleven (11) different car dealerships spread throughout the State of Kansas. Nissan not only sells its cars in the State of Kansas it also finances them, services them, and sells replacement parts and accessories for them in the State of Kansas. In these ways and

many others, the Nissan Defendants have purposely directed a variety of their different business activities at the State of Kansas and have purposely availed themselves of the benefits and protections of the laws of the State of Kansas, subjecting them to personal jurisdiction in the State.

17.     Accordingly, the Nissan Defendants are conclusively presumed to have been doing business in this state and subject to Kansas long arm jurisdiction.

18.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(2) as the case is between a citizen of a U.S. State and a citizen or subject of a foreign state, and the amount in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs.

19.     This action arises out of an incident that occurred in Wellington, Kansas in Sumner County.  Therefore, Venue is proper in this Court pursuant to 28 U.S.C. §§ 96 and 1391.

### Facts Common to All Counts

20.     In October of 2021, Plaintiffs' Decedent, Irene Vazquez De Salinas, and Plaintiff Genesis Vazquez, were traveling on the roadways in the State of Kansas due to their work.

21.     On October 9th, 2021 Plaintiffs' Decedent, Irene Vazquez De Salinas and Genesis Vazquez were passengers in the Nissan Sentra.  Sanjuana Villarreal De Mendoza was driving the Subject Vehicle southbound on the 900 block of North Broadway Rd., in Sumner County, Kansas when the vehicle travelled off the roadway onto the west side of U.S. Highway 81 within milepost 41, striking a culvert, causing the vehicle to roll into the tree line in the west ditch of the highway, coming to rest on the driver side doors. This event resulted in a compromise of the safety features of the subject vehicle, including deformation of the roof structure of the 2008 Nissan Sentra, resulting in the death of Irene Vazquez De Salinas, injuries to Plaintiff Genesis Vazquez and the damages to Plaintiffs.

22.     Plaintiffs' decedent Irene Vazquez de Salinas suffered fatal injuries when the Subject Vehicle's safety features became compromised in the roll over event. On information and belief, Irene Vazquez de Salinas experienced severe conscious pain, suffering, fright, and terror during the time between the accident sequence rollover event and continuing until her death.

23.     Plaintiff Genesis Vazquez sustained personal injuries in the subject incident, when the Subject Vehicle's safety features became compromised in the roll over event, causing her have to undergo painful medical care and treatment, to incur medical expenses both in the past and reasonably expected in the future, as well as suffer pain, physical suffering, disfigurement, and the loss of enjoyment of life in both the past and will continue in the future. Additionally, Plaintiff Genesis Vazquez suffered physical, mental, and emotional harm due to the subject incident and rollover event, both in the past and will continue to suffer in the future.

24.     At all times relevant to this lawsuit, the Nissan Defendants were in the business of designing and manufacturing vehicles such as the vehicle in question. Such business also involved selling, leasing, or otherwise placing in the stream of commerce Nissan automobiles similar to and including the vehicle in question by transactions that are essentially commercial in character. The vehicle in question was designed, manufactured, and sold by Nissan and the Defendants are legally liable for defects in said vehicle under the doctrine of strict liability in tort.

25.     Nissan was negligent in the design, manufacture, sale, and failure to warn the public about dangers related to roof structure strength and crashworthiness in vehicles such as the vehicle in question, which negligence was a proximate cause of the events made the basis of this suit.

26.     At all times relevant to this lawsuit, the vehicle in question had not been changed or altered in terms of its configuration or operational characteristic in any manner that Nissan could not have reasonably foreseen occurring under intended and foreseeable use of the 2008 Sentra.

27.     Nissan Defendants are strictly liable in that it engaged in the business of marketing and selling vehicles and marketed/sold a product in a defective condition, unreasonably dangerous to the user or consumer, which reached the consumer without substantial change in the condition in which it was sold and resulted in injury and death to Irene Vazquez de Salinas, personal injury to Genesis Vazquez, and each of Plaintiffs' damages, harms, and losses.

28.     At the time the vehicle in question was designed, manufactured, and sold by Nissan, it was defective in design and unreasonably dangerous, which defective and unreasonably dangerous condition was a producing cause of the fatal injuries to Plaintiffs' Decedent, the physical injuries to Genesis Vazquez and damages suffered by Plaintiffs.  More specifically, at the time the vehicle in question was designed, manufactured and sold by Nissan, it contained manufacturing/design defects that compromised the strength of the vehicle's roof structure and allowed the roof to collapse, allowing various safety features of the vehicle to become compromised, which manufacturing and design defects were a producing cause of the injuries to Genesis Vazquez, the fatal injuries to Plaintiffs' Decedent, and damages suffered by her  and Plaintiffs by reason of her wrongful death.  The defects in the vehicle rendered it uncrashworthy and susceptible to roof deformation and crush in a rollover event.

29.     At the time the Subject Vehicle left the possession of the Nissan Defendants, until the time of the subject incident, said product was defective in its design and/or manufacture because at the time it left the control of this Defendant, there was a design condition that rendered the car unreasonably dangerous, taking into consideration the utility of the car and the risk involved in its use.  Further, it was placed into the stream of commerce by the Nissan Defendants without warnings about the vehicle's crashworthiness in the event of a rollover event. This design condition rendered the vehicle in question uncrashworthy, allowing the displacement of the automobile's

roof into the passenger compartment during the rollover incident. This design condition was a producing cause of the fatal injuries to Plaintiffs' Decedent, the injuries to Genesis Vazquez and damages suffered by Plaintiffs.

30. At the time the Subject Vehicle left Nissan's control, the application of existing or reasonably achievable scientific knowledge would have yielded an economically and technologically feasible design other than the one actually used in the Subject Vehicle, and the use of this other design would have prevented or significantly reduced the risk of the injuries to Plaintiffs' Decedent and Plaintiff Genesis Vazquez without substantially impairing the utility of the Subject Vehicle.

31. The unreasonably dangerous nature of the defects as outlined above created a high probability that when subjected to foreseeable forces, without warning to the driver or its passengers, the vehicle roof structure could deform and/or collapse in a rollover event, with loss of human life and/or severe and permanent personal injuries resulting. Defendant Nissan should have known of this probability prior to production and marketing of the vehicle at issue but, in conscious disregard of the consequences, willfully and wantonly manufactured and sold the defective vehicle in question, which caused the fatal injuries to Plaintiffs' Decedent, the injuries to Genesis Vazquez and damages suffered by Plaintiffs as set forth herein. Said product's defective condition rendered the product unreasonably dangerous to the consumer and said defective and unreasonably dangerous condition of the vehicle in question was a producing cause of the fatal injuries to Plaintiffs' Decedent and damages suffered by Plaintiffs.

32. Defendant Nissan, in light of reasonably available knowledge or in the exercise of reasonable care, knew, or should have known:

    (a.)    about the dangers which caused the fatal injuries to Plaintiffs' Decedent and the injuries to Plaintiff Genesis Vazquez;

(b.) that the danger caused by the aforementioned dangerous characteristics was not an inherent characteristic; and

(c.) that the danger caused by the vehicle in question could have been eliminated by a feasible design alternative without substantially compromising the vehicle in question's usefulness or desirability.

33. The defects in the vehicle in question were not observable or detectable by Irene Vazquez De Salinas and Genesis Vazquez and they had no knowledge of the dangerous conditions of the vehicle in question; they did not appreciate the danger; and they did not deliberately and/or voluntarily choose to expose themselves to said dangerous conditions.

34. The vehicle in question's dangerous conditions were not known, or open and obvious, to Irene Vazquez De Salinas and Genesis Vazquez, taking into account the characteristics of and the ordinary common knowledge of persons ordinarily using vehicles.

35. Plaintiffs further allege that Defendant Nissan knew, or in light of reasonably available knowledge or in the exercise of reasonable care, should have known about the unreasonably dangerous condition of the vehicle in question; and that the vehicle in question failed to function as expected and there existed a feasible design alternative, which would have reasonably prevented the harm. At the time of its manufacture, the vehicle in question was not as safe as the then current testing and research technology could have made it. At the time the vehicle in question was distributed and sold, the product's benefits were achievable by alternative designs that would have as effectively accomplished the fully intended purpose of the vehicle in question with substantially less risk of danger of roof structure collapse in a rollover event and vehicle crashworthiness in a reasonably foreseeable condition. Defendant Nissan failed to utilize economically and technically available safety design alternatives.

36.     The Nissan Defendants, their employees, and agents failed to exercise the degree of care that would be used by automobile companies or persons of ordinary prudence under the same or similar circumstances in that Defendants' research, development, design, and testing of Nissan automobiles, including the Nissan Sentra, was insufficient to identify and remedy either crashworthiness of the Nissan Sentra vehicle to allow the roof structure to collapse when subjected to foreseeable circumstances. If Defendant Nissan had exercised the degree of care used by ordinarily prudent automobile companies and persons under the same or similar circumstances, this Defendant would have conducted research and testing to determine the crashworthiness of the Nissan automobiles, including the Nissan Sentra, and more specifically, the vehicle in question, the roof strength, and then developed and designed the cars so that the car's roof structure would not collapse under the circumstances of the collision at issue.

37.     The Nissan Defendants, their employees, and agents failed to exercise the degree of care that would be used by automobile companies or persons of ordinary prudence under the same or similar circumstances in that Defendants failed to ensure the proper roof strength in such vehicle. If these Defendants had exercised the degree of care used by ordinarily prudent automobile companies and persons under the same or similar circumstances, said Defendants would have ensured the crashworthiness of the vehicle and improved the roof strength.

38.     The Nissan Defendants, their employees, and agents failed to exercise the degree of care that would be used by automobile companies or persons of ordinary prudence under the same or similar circumstances in that Defendants' implementation of quality control and quality assurance programs, as well as its implementation of postproduction, post manufacture, and post-sale field testing and product performance analysis and investigation was insufficient to identify and remedy either the crashworthiness of Nissan automobiles, including the Nissan Sentra and

more specifically its roof structure to collapse in a rollover event. If Nissan had exercised the degree of care used by ordinarily prudent automobile manufacturers and persons under the same or similar circumstances, Defendants would have discovered the deficiencies in the Nissan Sentra, including the Subject Vehicle, its crashworthiness and inadequate roof strength by implementing quality control and quality assurance programs that would have detected these deficiencies and by conducting field testing, product performance analysis, and investigations of claims relating to Nissan, and specifically Nissan Sentra, automobiles that would have indicated that the Nissan Sentra, including the vehicle in question, was susceptible to roof structure collapse under circumstances such as occurred in the collision at issue.

39.     Defendant Nissan had access to information that, if heeded, would have indicated that Nissan automobiles, and specifically the Nissan Sentra, are subject to defects related to vehicle safety. Despite this information, Defendant Nissan failed to determine that Nissan Sentra automobiles have a defect related to vehicle safety, further failed to report such information to the National Highway Traffic Safety Administration, and further failed to notify or otherwise warn Nissan Sentra owners of potential defects to "effectively motivate owners of potentially defective . . . motor vehicles . . . to have such vehicles . . . inspected and, where necessary, remedied as quickly as possible." 49 CFR § 577.2; see generally id. §§ 573, 577 et sec. These failures in said Defendant's conduct constitute both negligence and negligence *per se* in that Irene Vazquez De Salinas and Genesis Vazquez were among the class of persons intended to benefit from the protections enshrined in Title 40, Chapter V, of the Code of Federal Regulations.

40.     The failure of the Nissan Defendants, their employees, and agents to exercise the degree of care, that would be used by automobile companies and persons of ordinary prudence, as

discussed with more particularity above, was the proximate cause of the fatal injuries to Plaintiffs' Decedent, the injuries to Genesis Vazquez and damages suffered by Plaintiffs.

41.    The Subject Vehicle, as sold by Nissan was in a defective condition and was unreasonably dangerous as designed, taking into consideration the utility of the vehicle and the risk involved in its use.  At the time the vehicle in question left control of said Defendants, there existed an economically and technologically feasible safer alternative design(s).  The safer alternative design(s) would have either prevented or significantly reduced the risk of occurrence, injuries, and damages without substantially impairing the vehicle's utility, and the safer alternative design was economically and technologically feasible by the application of existing or reasonably achievable scientific knowledge at all times relevant.

42.    The Nissan Defendants, therefore, are strictly liable to Plaintiffs under applicable products liability law without regard to or proof of negligence or gross negligence, although Plaintiffs would also show Nissan negligently designed, manufactured, assembled, marketed and placed into the stream of commerce the vehicle in question in a defective condition and that such negligence and defects were producing and proximate causes of the fatal injuries to Plaintiffs' Decedent, the injuries to Genesis Vazquez and damages suffered by Plaintiffs.

43.    There were defects in the marketing of the vehicle in question at the time it left the possession of Nissan, which defects were producing causes of the occurrence and the fatal injuries to Plaintiffs' Decedent and damages suffered by Plaintiffs. Nissan failed to give adequate warning of the vehicle in question's dangers, including the effects of its inadequate roof structure strength, lack of crashworthiness and which failings were known - or by the application of reasonably developed human skill and foresight - should have been known, and/or failed to give adequate

instructions to avoid such dangers, which failure rendered the vehicle in question unreasonably dangerous as marketed.

44.     As a manufacturer of vehicles used by humans on a daily basis, Nissan had a duty to use reasonable care in the design of its products. The Nissan Defendants breached this duty and were negligent in designing the vehicle in question, which Defendants knew or, in the exercise of reasonable care, should have known, was likely to fail in reasonably foreseeable conditions and cause death and/or fatal injury to reasonably foreseeable users of the product such as the Plaintiffs' Decedent and Plaintiff Genesis Vazquez. It was reasonably foreseeable to Nissan there would be a substantially increased incidence of roof structure collapse and/or deformation in foreseeable rollover events as a result of the negligent design of the vehicle in question. The Nissan Defendants should be held liable for failure to provide reasonable, cost-acceptable safety features to reduce the likelihood of a vehicle such as the vehicle in question for its roof structure to collapse in a rollover event. As a result of Nissan's negligence, Plaintiffs' Decedent was injured and killed, Genesis Vazquez sustained physical injuries and Plaintiffs' suffered damages.

45.     Nissan's conduct as set forth herein constitutes negligence with regard to the design, manufacturing, assembling, testing, placing in the stream of commerce, and marketing of the vehicle in question, including:

(a.)     negligent design and assembly of the vehicle in question;

(b.)     compromising the safety features of their vehicles;

(c.)     failing to properly inspect the vehicle in question before placing it into the stream of commerce;

(d.)     failing to conduct research and testing to determine the crashworthiness of its vehicles such as the vehicle in question, including but not limited to roof structure strength in a foreseeable rollover event;

(d.) failing to implement appropriate quality control and quality assurance programs, including but not limited to proper postproduction, post manufacture and post-sale field testing and product performance analysis and investigation;

(e.) failing to access available information that would have indicated Nissan vehicles, and specifically the Nissan Sentra, are subject to safety-related defects; and

(f.) failing to provide reasonable and adequate warnings to the users of the vehicle in question about its unreasonably dangerous conditions and the effects of such conditions on its components.

46. The negligence of the Nissan Defendants was a proximate cause of the occurrence in question and the fatal injuries to Plaintiffs' Decedent, the injuries sustained by Genesis Vazquez and damages suffered by Plaintiffs.

47. The vehicle in question, which failed in a foreseeable event, reflects poor vehicle manufacture, lack of crashworthiness and vehicle structural design practices of Defendant Nissan.

48. The Nissan Defendants' acts of omission and commission, Defendants' negligent design, manufacture, research, development, testing, inspection, quality control and/or assurance, product performance analysis, defect determination, defect investigation, defect reporting, defect notification, and other post manufacture conduct, all set out with more particularity above, collectively and severally constituted gross negligence and malice in that this conduct, when viewed objectively from the Defendant's perspective, involved an extreme degree of risk, considering the probability and magnitude of potential harm to others, and Defendants proceeded in this conduct with conscious indifference to the rights, welfare, and safety of others despite Defendant's actual, subjective awareness of this risk. This grossly negligent and malicious conduct was a proximate cause of the fatal injuries to Plaintiffs' Decedent, the injuries to Genesis Vazquez and damages suffered by Plaintiffs.

49. Defendant Nissan misrepresented, concealed, and failed to disclose to Nissan Sentra owners and to the general driving public material facts within Defendants' knowledge about

the safety problems concerning Nissan, and specifically the Nissan Sentra, automobiles' propensity for roof structure collapse in a rollover event. Defendant Nissan's misrepresenting, concealing, and failing to disclose such material facts within Defendant's knowledge about the safety problems concerning the Nissan Sentra automobiles' propensity for roof structure collapse resulted in the fatal injuries to Plaintiffs' Decedent, injuries to Genesis Vazquez and damages suffered by Plaintiffs, as discussed with more particularity below.

50.     All conditions precedent to Plaintiffs' right to recover damages in this cause have occurred.

51.     Plaintiff Genesis Vazquez has suffered a variety of damages as a direct and proximate result of the subject incident. All of these harms and losses have been suffered both in the past and will continue to be suffered in the future.

52.     Plaintiffs Claudia Vazquez; Ismael Salinas; Jesus I. Salinas; Karla I. Salinas and Samuel Salinas have suffered a variety of damages and losses as a direct and proximate result of the death of Irene Vazquez de Salinas, including but not limited to the loss of counsel, aid, assistance, love, comfort, companionship, society, and consortium.  All of these harms and losses have been suffered both in the past and will continue to be suffered in the future.

53.     Additionally, Irene Vazquez de Salinas experienced severe conscious pain, suffering, fright, and terror during the time between the start of the rollover sequence event and continuing until her death, for such survival damages Plaintiff Juan C. Salinas is seeking recovery on behalf of the estate of Irene Vazquez de Salinas.

54.     In the ordinary course of its business, Defendant Nissan designed, researched, manufactured, tested, advertised, promoted, marketed, sold and/or distributed the subject Vehicle described more fully above.

55.     Defendant Nissan's products, including the Subject Vehicle can be utilized safely for more than ten (10) years.  Further, Nissan vehicles and other similar products have a useful safe life of multiple decades and are commonly and routinely used for such periods of time by end users, all of which was known, foreseeable, and specifically intended by, Defendant Nissan.

56.     Defendant Nissan still provides support for its vehicles and component parts long past the first 10 years that they are in service, via the sale of parts and the provision of service through its dealership network. Defendant Nissan's support for its vehicles over multiple decades indicate that it knows and recognizes its vehicles have a useful safe life of much more than ten (10) years.

### COUNT I: "Product Liability Claim" – Sounding in Strict Products Liability Pursuant to the Kansas Product Liability Act, K.S.A. § 60-3301, *et seq.*

57.     Plaintiff incorporates herein by reference as if fully set forth herein, each and every allegation set forth above.

58.     The injuries to, and death of, Irene Vazquez de Salinas and the injuries to Genesis Vazquez resulted from conditions of the Subject Vehicle.

59.     The conditions of the Subject Vehicle that were a cause of the injuries to and death of Irene Vazquez de Salinas and the injuries to Genesis Vazquez were unreasonably dangerous.

60.     The conditions of the Subject Vehicle that are complained of herein, existed at the time it left Defendant Nissan's control.

61.     At all relevant times, the Subject Vehicle was in a defective and unreasonably dangerous condition by reason of its design, thereby exposing foreseeable users to unreasonable risk of harm, such as Plaintiff Irene Vazquez de Salinas and Genesis Vazquez.

62.     The Subject Vehicle was further defective and unreasonably dangerous by reason of its lack of adequately designed warnings and instructions provided with the product at the time of sale and distribution.

63.     The Subject Vehicle was in an unsafe, defective, and unreasonably dangerous condition at the time it left Defendants' control.  The defective conditions which were responsible for  Genesis Vazquez' injuries and Irene Vazquez de Salinas'  injuries and wrongful death were in substantially the same condition at the time of the incidents described herein, that they were in when the product left Defendant Nissan's control.

64.     The Subject Vehicle was expected to and did reach the usual consumers, handlers and persons coming into contact with the product – including Plaintiffs Irene Vazquez de Salinas and Genesis Vazquez– without substantial change in the condition in which it was designed, produced, manufactured, sold, distributed, and marketed by Defendant Nissan.

65.     The Subject Vehicle's unsafe, defective, and inherently dangerous condition was a direct and proximate cause of injury to Plaintiffs' Decedent Irene Vazquez de Salinas and injury to Genesis Vazquez.

66.     The design of the Subject Vehicle rendered it dangerous to an extent beyond that which would be contemplated by an ordinary consumer with ordinary knowledge common to the community as to its characteristics, even when used in a manner that was foreseeable to or reasonably anticipated by Defendant Nissan.

67.     Plaintiff Genesis Vazquez' injuries, Plaintiffs' Decedent Irene Vazquez de Salinas' injuries and wrongful death,  and Plaintiffs' damages and losses suffered thereby, resulted from use of the Subject Vehicle that was intended by and/or reasonably foreseeable to Defendant Nissan.

68.     At all relevant times, the Subject Vehicle posed a foreseeable risk of danger inherent in the design which greatly outweighed the benefits of that design.

69.     The Subject Vehicle lacked sufficient utility for any group of consumers, including Plaintiffs' Decedent.

70.     The Subject Vehicle's design is defective and unreasonably dangerous due to *inter alia*:

(a.)     The roof system failed to provide adequate support and strength to occupants in the event of a foreseeable rollover event when the vehicle rolled on its roof;

(b.)     The product lacks sufficient warnings and instructions and is thereby defective and unreasonably dangerous;

(c.)     The product lacks sufficient protective features to prevent injuries like those suffered by Genesis Vazquez and Plaintiffs' Decedent;

(d.)     The Subject Vehicle is defective and unreasonably dangerous due to the lack of adequate testing for safe performance during a rollover event;

(e.)     As designed, manufactured, warned, sold, and supplied by Defendant, the Subject Vehicle is defective and unreasonably dangerous and was so when it was placed into the stream of commerce by Defendant Nissan; and

(f.)     Feasible alternative designs and warnings existed that would have prevented Plaintiff Genesis Vazquez' injuries and Plaintiffs' Decedent's injuries and wrongful death.

71.     As a direct and proximate result of Defendants' design of the roof structure for the Subject Vehicle, Plaintiffs experienced and/or will experience severe harmful effects including those identified above.

72.     As pled herein, the Nissan Defendants knew or should have known about the defective and unreasonably dangerous condition of the subject Nissan Sentra well before it was purchased and Plaintiffs' decedent was killed, and, with respect to Defendants' acts and omissions and those of its principals, agents, workers, servants, and/or employees in the design, manufacture,

warning, instruction, marketing, sale, and post-sale of the subject Nissan Sentra, the Nissan Defendants acted in a willful, wanton and reckless manner with respect to the safety of users of its cars sufficient to warrant the imposition of punitive damages to punish Defendants and deter others from similar conduct in the future.

WHEREFORE, Plaintiffs prays for Judgment against Defendant on Count I of their Complaint, for a fair and reasonable sum of damages in excess of $75,000, for punitive damages, for interest on any judgment entered, for her costs herein, and for such other and further relief as the Court deems just and proper.

### COUNT II: "Product Liability Claim" – Sounding in Negligence
### Pursuant to the Kansas Product Liability Act, K.S.A. § 60-3301, *et seq.*

73.     Plaintiffs incorporates herein by reference as if fully set forth herein, each and every allegation set forth above.

74.     The Defendant designed, developed, designed, tested, assembled, manufactured, labeled, distributed, marketed, advertised, and sold the Subject Vehicle in the ordinary course of its business.

75.     Defendant, as a designer, developer, assembler, manufacturer, marketer, distributor, and seller of the Subject Vehicle had a duty to use that degree of reasonable care that would be exercised by an expert product manufacturer in the design, manufacture, testing, assembly, labeling, distribution, marketing, sale, and post-sale conduct relating to such products, including the Subject Vehicle.

76.     At the time Defendant sold the Subject Vehicle, it was in a defective and unreasonably dangerous condition by reason of its design, thereby exposing foreseeable users to unreasonable risk of harm, such as Plaintiff Genesis Vazquez and Plaintiffs' Decedent Irene Vazquez de Salinas. The 2008 Nissan Sentra was further defective and unreasonably dangerous

by reason of its lack of adequately designed warnings and instructions provided with the product at the time of sale and distribution.

77.     Defendant Nissan had a duty to use that degree of skill, care, caution, and expertise as that of a reasonably prudent and careful expert product manufacturer to design, manufacture, market, and sell a product that was not unreasonably dangerous for its normal, intended use.

78.     The Subject Vehicle was defective and unreasonably dangerous and Defendant Nissan knew or had reason to know that it was defective and unreasonably dangerous when used in the form and manner as provided by Defendant.

79.     Defendant Nissan knew or should have known that its 2008 Nissan Vehicle was in a defective condition and was unreasonably dangerous.

80.. Defendant Nissan failed to complete adequate research and testing to determine the crashworthiness of its vehicles such as the Subject Vehicle, including but not limited to roof structure strength in a foreseeable rollover event;

81.     Defendant failed to use the degree of care, skill and learning that would be used by an ordinarily careful expert in Defendants' business in its design, manufacture, testing, assembly, labeling, distribution, marketing, sale, and post-sale of the Subject Vehicle in a number of respects including, but not limited to, the following acts and omissions:

(a.)    negligent design and assembly of the vehicle in question;

(b.)    compromising the safety features of their vehicles;

(c.)    failing to properly inspect the vehicle in question before placing it into the stream of commerce;

(d.)    failing to conduct research and testing to determine the crashworthiness of its vehicles such as the vehicle in question, including but not limited to roof structure strength in a foreseeable rollover event;

(e.)     failing to implement appropriate quality control and quality assurance programs, including but not limited to proper postproduction, post manufacture and post-sale field testing and product performance analysis and investigation;

(f.)     failing to access available information that would have indicated Nissan vehicles, and specifically the Nissan Sentra, are subject to safety-related defects; and

(g.)     failing to provide reasonable and adequate warnings to the users of the vehicle in question about its unreasonably dangerous conditions and the effects of such conditions on its components.

82.     As a direct and proximate result of Defendants' acts and omissions and those of their principals and agents, Irene Vazquez de Salinas was killed, and Plaintiffs suffered the resulting damages and losses as pled herein.

83.     As pled herein, the Nissan Defendants knew or should have known about the defective and unreasonably dangerous condition of the subject Nissan Sentra well before it was purchased and Plaintiffs' decedent was killed, Plaintiff Genesis Vazquez suffered injuries, and, with respect to Defendants' acts and omissions and those of its principals, agents, workers, servants, and/or employees in the design, manufacture, warning, instruction, marketing, sale, and post-sale of the subject Nissan Sentra, the Nissan Defendants acted in a willful, wanton and reckless manner with respect to the safety of users of its cars sufficient to warrant the imposition of punitive damages to punish Defendants and deter others from similar conduct in the future

WHEREFORE, Plaintiffs pray for Judgment against Defendant on Count II of their Complaint, for a fair and reasonable sum of damages in excess of $75,000, for punitive damages, for interest on any judgment entered, for her costs herein, and for such other and further relief as the Court deems just and proper.

**COUNT III: Breach of Warranty Claim**
**Pursuant to the Kansas Consumer Protection Act, K.S.A. § 50-623, _et. seq._**

84.     Plaintiffs incorporates herein by reference as if fully set forth herein, each and every allegation set forth above.

85.     San Juana Villarreal de Mendoza, the registered owner of the Subject Vehicle, and Plaintiffs' Decedent, Irene Vazquez de Salinas were both "consumers" as defined in the Kansas Consumer Protection Act, K.S.A. § 50-624(c).

86.     Defendant Nissan is a "supplier" as defined in the Kansas Consumer Protection Act, K.S.A. § 50-624(j).

87.     The sale of the Subject Vehicle by Defendant Nissan was a "consumer transaction" as defined by the Kansas Consumer Protection Act, K.S.A. § 50-624(j).

88.     The condition of the Subject Vehicle constituted various breaches of warranties under the Kansas Consumer Protection Act, and those breaches were a cause of the wrongful death of Irene Vazquez de Salinas and the resulting damages to Plaintiffs as pled herein. Those warranty breaches include both express and implied warranties as defined within the Kansas Consumer Protection Act for the reasons that have been pled more fully herein as constituting the product's defective and unreasonably dangerous design and Defendant Nissan's negligence in the design, testing, manufacturing, marketing. and sale of the Subject Vehicle, which are incorporated herein by reference.

89.     The sale of the Subject Vehicle by Defendant Nissan was a deceptive act as defined in the Kansas Consumer Protection Act, K.S.A. § 50-626(b), in various respects, including but not limited to the fact Defendant represented that the Subject Vehicle was of a particular standard, grade, quality, style or model when in fact its condition departed materially from the representations. Defendant Nissan represented that the Subject Vehicle was fit for its particular purpose when in fact it was not given its defective and unreasonably dangerous design that allowed

for the compromise of the safety features of the Subject Vehicle in the event of a foreseeable

rollover event. In other words, Defendant Nissan represented that the Subject Vehicle:

    (a.)    had characteristics, uses, and benefits that it did not have;

    (b.)    was of a particular quality when it was of another that differed materially from the representation, and

    (c.)    was willfully misrepresented, by exaggeration, falsehood, innuendo, or ambiguity as to a material fact.

90.    In the alternative, the sale of the Subject Vehicle by Defendant Nissan was a

deceptive act as defined in the Kansas Consumer Protection Act, K.S.A. § 50-626(b), in that

Defendant willfully failed to state a material fact, or willfully concealed, suppressed, or omitted a

material fact when it sold the Subject Vehicle, namely that:

    (a.)    the Subject Vehicle was not reasonably safe in foreseeable rollover events by reason of its design allowing for the compromise of the safety features of the vehicle in a rollover event;

    (b.)    this was particularly deceitful given the public's reasonable and well-known expectations that such a vehicle would be reasonably safe for the operator and its occupants in the event of a foreseeable rollover, and

    (c.)    the Subject Vehicle had not been adequately tested or evaluated for its safety performance of its vehicle safety features in foreseeable rollovers to determine whether it was reasonably safe for the operator and occupants.

91.    The sale of the Subject Vehicle by Defendant Nissan was an unconscionable act or

practice as defined in the Kansas Consumer Protection Act, K.S.A. § 50-627, when considering

what the vehicle manufacturer knew or should have known, because, among other things and at a

minimum, the suppliers made misleading statements of opinion on which consumers such as San

Juana Villarreal de Mendoza and Irene Vazquez de Salinas were likely to rely on to their detriment

and that of their friends or family who also used the vehicle.

92.     As a direct and proximate result of the Defendant's violations of the Kansas Consumer Protection Act, plaintiffs were damaged, and seek all damages allowed pursuant to K.S.A. 50-634(b), including attorney's fees.

93.     The Nissan Defendants' actions, and those of its principals, agents, workers, servants, and/or employees in the design, manufacture, warning, instruction, marketing and sale of the subject Nissan Sentra, with respect to the consumer transaction pled herein constitute willful, wanton and reckless conduct with respect to the safety of users of its cars sufficient to warrant the imposition of punitive damages to punish Defendant and deter others from similar conduct in the future.

WHEREFORE, Plaintiffs prays for Judgment against Defendant on Count III of their Complaint, for a fair and reasonable sum of damages in excess of $75,000, for punitive damages, for interest on any judgment, for costs herein and for such other and further relief as the Court deems just and proper.

**PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

**PURSUANT TO LOCAL RULE 40.2, PLAINTIFFS HEREBY REQUEST THAT THE PLACE OF TRIAL OF THIS MATTER BE KANSAS CITY, KANSAS**


DATED: March 22, 2023

FIELDS LAW FIRM

*/s/ Benjamin C. Fields*
Benjamin C. Fields          KS   #22209
1600 Genessee Street, Suite 860
Kansas City, Missouri 64102
(816) 659-9970 – telephone
(816) 659-9969 – facsimile
ben@fieldslawkc.com

and

SAHADI LEGAL GROUP
R. Reagan Sahadi      *pro hac vice pending*
TX State Bar No. 24042369
414 S. Tancahua Street
Corpus Christi, TX 78401
(361) 760-3300 – telephone
(361) 760-3310 – facsimile
rsahadi@sahadilegal.com

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I certify that on March 22, 2023, the foregoing was electronically filed using the Court's electronic filing system. No counsel for Defendants have entered appearances yet, nor have any Defendants filed Answers, accordingly, a copy of this pleading will be served on Defendants in the same manner as Service of Process.

*/s/ Benjamin C. Fields*